### ELETZ v. GOODELMAN.

(Supreme Court, Appellate Term, First Department. May 26, 1916.)

BROKERS ⬅55(1)—COMMISSIONS—INTERVENTION OF OTHER BROKER—EFFECT.
  Where a broker had a specific written agreement of the owner to pay a $200 commission in the event of sale to a certain party, his right to the commission could not be defeated after he produced the buyer, who bought in a reasonable time, by showing that another broker intervened and made the sale for $50.

  [Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 82–84; Dec. Dig. ⬅55(1).]

Appeal from Municipal Court, Borough of The Bronx, Second District.

Action by Samuel Eletz against Isador M. Goodelman. Judgment for defendant, and plaintiff appeals. Reversed and judgment for plaintiff rendered.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Abraham H. Sarasohn, of New York City, for appellant.

Sigmund Honig, of New York City (Isaac Levison, of New York City, of counsel), for respondent.

COHALAN, J. The plaintiff sued to recover upon oral pleadings the sum of $200 as a broker's commission. The answer was a general denial. Upon the trial the following written memorandum was put in evidence by the plaintiff:

"I, the undersigned, hereby agree, in consideration of one dollar to me paid in hand, to pay Mr. S. Eletz two hundred dollars commission ($110 in cash and three monthly notes at $30 each), provided my store is sold to Mr. Greenberg.           [Signed]  I. M. Goodelman."

It clearly obligated the defendant to pay the plaintiff the sum of $200, provided the store was sold to Mr. Greenberg. The plaintiff was a broker of drug stores, and the defendant employed him to find a purchaser for his store, and through his agent negotiations were entered into with Mr. Greenberg, and the latter subsequently, and in a reasonable time, purchased the store. The defense that another broker intervened and sold the drug store at a commission of $50 should not avail the defendant, on the facts adduced on the trial and the memorandum in evidence.

The judgment is reversed, with $30 costs, and judgment rendered for the plaintiff for the sum of $200, with interest and costs. All concur.